Russell J. Singer
PO Box 485
Laguna Beach, CA 92652
Telephone: 949-280-4336
russell@adobejudgmentcollections.com
Assignee / Judgment Creditor, In Pro Per

RECEIVED **AM**
AND FILED

MAR 25 2026

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br>**WELSCORP, INC.**<br>Debtor. | Case No. BK-S-19-18056-ABL **(Lead Case)**<br>**Consolidated under BK-S-19-18056-ABL**<br>**Chapter 7** |
| LENARD E. SCHWARTZER, in his<br>capacity as CHAPTER 7 TRUSTEE<br>Plaintiff,<br>vs.<br>Steven Lore<br>Defendant | **ADVERSARY PROCEEDING**<br>Case No. 21-01175-ABL<br><br>**AFFIDAVIT AND REQUEST FOR<br>ISSUANCE OF WRIT OF EXECUTION** |

(Unsworn declaration pursuant to 28 U.S.C. § 1746 — no notary required)

I, Russell J. Singer, declare under penalty of perjury that:

1. Judgment for $227,565.16 against Steven Lore was entered on January 20, 2023, in the United States Bankruptcy Court, District of Nevada, in favor of Lenard E. Schwartzer, Chapter 7 Trustee, as Judgment Creditor. This affidavit is based on the Judgment entered in Adversary Proceeding No. 21-01175-ABL. The judgment has not been satisfied, stayed, or vacated, and remains wholly enforceable.

2. The judgment was assigned to the undersigned, who is the assignee of the Judgment Creditor and the current lawful holder of the judgment with full rights of enforcement. Pursuant to Federal Rule of Civil Procedure 69(a) and applicable law, the assignee is entitled to enforce the judgment in its own name or in the name of the original judgment creditor. A true and correct copy of the assignment may be attached as Exhibit A.

3. I hereby request issuance of a Writ of Execution pursuant to Federal Rule of Civil Procedure 69(a), enforceable in the name of the original Judgment Creditor, Lenard E. Schwartzer, Chapter 7 Trustee, as assigned to the undersigned. Enforcement is governed by Federal Rule of Civil Procedure 69(a) and applicable Nevada law. The Writ is sought against all non-exempt property of the Judgment Debtor, including but not limited to bank accounts, accounts receivable, and personal property subject to levy under applicable law.

4.  Interest has accrued on the judgment pursuant to 28 U.S.C. § 1961 at the applicable federal post-judgment rate (1-year constant maturity Treasury yield for the calendar week preceding January 20, 2023). As of March 20, 2026 (1,155 days from entry), accrued interest totals $33,844.86.

    Per diem interest: $29.30 per day.

    Accrued costs: $0.00.
    Additional costs may be added pursuant to 28 U.S.C. § 1920 and Rule 54(d).

5.  The total amount currently due, exclusive of future accruing interest and enforcement costs, is as follows:

    Principal: $227,565.16
    Accrued Interest: $33,844.86

    Total Due: $261,410.02

    Credit for payments/satisfaction: $0.00

    Net Balance Due: $261,410.02

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 20, 2026

_____

Russell J. Singer
Assignee of Judgment Creditor, In Pro Per

Russell J. Singer
PO Box 485
Laguna Beach, CA 92652
Telephone: 949-280-4336
russell@adobejudgmentcollections.com
Assignee / Judgment Creditor, In Pro Per

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br>**WELSCORP, INC.**<br>Debtor. | Case No. BK-S-19-18056-ABL **(Lead Case)**<br>**Consolidated under BK-S-19-18056-ABL**<br>**Chapter 7** |
| LENARD E. SCHWARTZER, in his<br>capacity as CHAPTER 7 TRUSTEE<br>Plaintiff,<br>vs.<br><br>Steven Lore<br>Defendant | **ADVERSARY PROCEEDING**<br>Case No. 21-01175-ABL<br><br><br>**WRIT OF EXECUTION** |

TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF NEVADA:

On January 20, 2023, a judgment was entered in the docket of the above-entitled Court and action in favor of Lenard E. Schwartzer, Chapter 7 Trustee, as Judgment Creditor, now assigned of record to Russell J. Singer, and against Steven Lore, as Judgment Debtor, as follows:

| | |
|---|---|
| $227,565.16 | Principal |
| $0.00 | Attorney Fees |
| $0.00 | Pre-Judgment Interest |
| $0.00 | Costs |
| $227,565.16 | JUDGMENT AS ENTERED |

WHEREAS, according to an affidavit and request for issuance of writ of execution filed herein, it appears that further sums have accrued since the entry of judgment, to wit:

$33,844.86     Accrued interest
           (through March 20, 2026; 1,155 days)

$33,844.86     ACCRUED INTEREST, COSTS AND FEES

- 1 -

Credit must be given for payments and partial satisfaction in the amount of:

$0.00

Which is to be first credited against the total accrued interest, costs and fees, with any excess credited against the judgment as entered, leaving a net balance of:

$261,410.02     ACTUALLY DUE as calculated in the supporting declaration, plus daily accrual thereafter (Clerk to complete)

$227,565.16 is due on the Judgment as entered (Steven Lore), and bears interest pursuant to 28 U.S.C. § 1961 at the applicable federal post-judgment rate, in the amount of $29.30 per day, from the date of judgment and continuing thereafter through the date of levy, to which must be added the accrued costs and fees and the fees and expenses of the U.S. Marshal executing this writ.

Combined daily accrual: $29.30 per day.

The judgment debtor is liable for the full balance, and the levying officer is authorized to collect the full amount from the judgment debtor.

Notice by mail of the sale under the writ of execution has not been requested.
The following named persons have requested such notice of sale:

NAME                                          ADDRESS

_____          _____

YOU ARE THEREFORE COMMANDED to satisfy the said Judgment with interest and costs as provided by law and your costs and disbursements out of the personal property of said debtor, except that for any period, 75 percent of the disposable earnings of the debtor during this period, or for each week 30 times the federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act [29 U.S.C. § 206(a)(1)], whichever is greater, is exempt from levy.

If sufficient personal property cannot be found, then out of the debtor's real property; or if the Judgment be a lien upon real property, then out of the real property belonging to the debtor; and make return of this writ within not less than ten (10) days nor more than sixty (60) days after your receipt thereof with what you have done endorsed hereon.

Date: _____

U.S. Bankruptcy Court
Daniel S. Owens, Clerk of Court

_____

Deputy Clerk

- 2 -